THE STATE OF WASHINGTON, *Petitioner*, v. JOHN E. MELTON
et al., *Respondents and Relators*.[1]

*Joseph A. Simpson, Keith, Winston, MacGillivray & Rep-
sold*, and *E. Lawrence White*, for respondents and relators.

*The Attorney General, J. Arnold Cobley* and *Storrs B.
Clough, Assistants*, for petitioner.

GRADY, J.—This is a certiorari proceeding to review an
order of the superior court adjudging that the appropria-
tion of an easement across a certain tract of land by the
state of Washington is necessary as an integral part of its
highway system. The state of Washington has established
a section of primary state highway No. 2 through the city
of Spokane as a limited access facility and seeks to acquire
an easement to terminate September 1, 1954, over a tract
of land (referred to as parcel F) owned by respondents
John E. Melton and Hazel V. Melton, his wife, to be used by

[1]Reported in 248 P. (2d) 892.

the public as a detour road while the facility is being constructed.

Relators contend that the director of highways has not been given authority to condemn private property for temporary use as a detour road in connection with the construction of a highway. They rely upon § 25 of chapter 53, p. 146, Laws of 1937, Rem. Rev. Stat., Vol. 7A, § 6400-25 (revised by RCW 47.12). The applicable part of § 25 reads as follows:

"Whenever it is necessary to secure any lands for a right of way for any primary state highway, or for the drainage thereof or construction of a protection therefor or so as to afford unobstructed vision therefor toward any railroad crossing or another public highway crossing or any point of danger to public travel or for the purpose of acquiring sand pits, gravel pits, borrow pits, stone quarries or any other land for the extraction of materials for construction or maintenance or both, or for any site for the erection upon and use as a maintenance camp, of any primary state highway, or any site for other necessary structures or for structures for the health and accommodation of persons traveling or stopping upon the primary state highways of this state, or for any other highway purpose, together with right of way to reach such property and gain access thereto, the director of highways is authorized to acquire such lands in behalf of the state by gift, purchase or condemnation."

The statute grants to the director of highways the authority to acquire lands for rights of way for primary state highways by gift, purchase or condemnation. It is a matter of common knowledge that while a highway is being constructed traffic may be prevented and temporarily detoured. When the work is completed the detour route is no longer needed. However, the relators contend that because the statute does not by express words authorize the director to condemn private property for .a temporary public use, the court was in error in adjudging that it was necessary to acquire an easement across parcel F as a detour route for use by the traveling public until September 1954.

The argument is made that statutes granting authority to take private property for a public use must be

strictly construed, and when this is done the authority must be said to be limited to that which is set forth in the statute in express words. This argument overlooks the rule that when a statute contains a grant of authority to achieve a lawful objective there is included in the grant by implication the doing of such acts as are reasonably necessary to properly attain such objective. Reasonable necessity applies to the extent of and as a limitation upon the authority granted. These principles were recognized and given expression in *State ex rel. Hunter v. Superior Court*, 34 Wn. (2d) 214, 208 P. (2d) 866. See also 50 Am. Jur. 449, Statutes, § 428.

Applying the foregoing rules to the statute, we conclude that the director, in the exercise of his granted authority to construct the highway, also has the authority to acquire, by condemnation, an easement over the land of relators for use by the traveling public as a detour route during such reasonable time as is required for the construction of the highway. The court determined that the period of time fixed by the director was reasonable and necessary, and we are in accord with that view. The petitioner will not need the detour route when the highway is open to traffic; hence, it was proper to place a limitation upon the extent of the appropriation.

We have examined the authorities cited by relators and have considered them in the light of the situation before us for review. We do not find in any of them the pronouncement of any rules of law contrary to those we consider applicable in construing and applying our statute.

The judgment is affirmed.

HILL, DONWORTH, and WEAVER, JJ., concur.

MALLERY, J., dissents.